[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14693
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-22973-RNS

CHRISTOPHER REED,

Plaintiff - Appellant,

versus

BRADLEY A. FRIEDMAN, P.A.,
STAR LAKES ASSOCIATION, INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 11, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Christopher Reed appeals from the district court's dismissal without

prejudice of his complaint brought pursuant to the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Florida law concerning the alleged debt collection efforts by Bradley A. Friedman, P.A., and Star Lakes Association, Inc.  Reed argues he established standing and that his complaint stated a claim on which relief could be granted.  After careful consideration, we affirm.

## I

Christopher Reed and Rosenna Reed, a nonparty, registered the name "Reed's Enterprise" under Florida's Fictitious Name Act.  Fla. Stat. § 865.09. Using the name Reed's Enterprise, Reed[1] purchased a condominium unit in Miami, Florida managed by Star Lakes Association.  Star Lakes Association then hired Friedman to collect debts for unpaid maintenance and special-assessment fees for the unit.  In a series of letters, Friedman contacted Reed's Enterprise about the debts.  Reed disputes the amounts owed and filed this lawsuit alleging deceptive debt collection practices.

Defendants moved to dismiss, arguing Reed lacked standing because the debts they sought to collect are owed by Reed's Enterprise, not Reed.  Making a factual attack on Reed's assertion of standing, Defendants supplied documents extrinsic to the complaint, including the debt collection letters addressed to "Reed's Enterprise."

---

[1] This opinion refers to Christopher Reed as "Reed," and Reed's Enterprise in its full name.

2

The district court dismissed the complaint without prejudice. It found that Reed lacked standing to bring the FDCPA and related claims because "Reed's Enterprise [is not] the same as Reed himself." It also ruled in the alternative that Reed failed to state a claim because (1) "the debt apparently owed by Reed's Enterprise is not a 'consumer debt' within the meaning of the FDCPA," and (2) Reed's Enterprise is not a "natural person" within the meaning of the FDCPA's definition of "consumer." Reed timely appealed.

## II

We review de novo a dismissal for lack of Article III standing. CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1268 (11th Cir. 2006). We review the district court's findings of jurisdictional facts for clear error. Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328 (11th Cir. 2013). The party invoking federal jurisdiction bears the burden of establishing standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992).

## III

Reed argues the district court erred in ignoring Florida and federal court cases holding that under Florida law a fictitious name "has no independent legal existence." Reed's argument is misplaced, however, because the district court made a factual finding underlying its jurisdictional ruling, which Reed fails to

address.[2]

To begin, the district court was entitled to make jurisdictional factual findings at the motion-to-dismiss stage. "Factual attacks" on standing brought under Federal Rule of Civil Procedure 12(b)(1) challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam) (quotation marks omitted); see also Houston, 733 F.3d at 1335–36. Extrinsic documents central to a plaintiff's claim and without dispute as to the authenticity may be considered on a motion to dismiss. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

Here, Defendants provided extrinsic documents, the authenticity of which Reed did not dispute. Instead, Reed merely argued Defendants' evidence was "not . . . the full set of communications" and that "there are numerous e-mail communications" not provided that would "support [Reed's] claims." Reed did not submit any emails or other documents into the record. Instead, he argued "none of this extraneous evidence should even be considered at the motion to

---

[2] Because Reed failed to challenge the district court's factual finding that Reed and Reed's Enterprise are not interchangeable entities, he has abandoned this argument. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680–82 (11th Cir. 2014). In any event, an independent review of the record shows the district court did not clearly err.

dismiss stage of litigation in the first place."

But of course the district court was entitled to consider evidence in a factual attack on standing.  See Lawrence, 919 F.2d at 1528–29; see also Houston, 733 F.3d at 1335–36.  And based on the evidence before it, the district court made the finding that the debt collection efforts were conducted against Reed's Enterprise, which is "owned by two people: Reed and Rosenna Denise Reed."  The court reasoned that "as a matter of pure logic and commonsense," Reed and Reed's Enterprise could not be "coextensive."  Given this factual finding, the court ruled that Reed failed to establish his standing to assert the claims based on Defendants' efforts to collect debts from Reed's Enterprise.

We cannot say the district court clearly erred.  Even if Reed were correct that Florida's Fictitious Name Act did not create an independent legal entity, Reed has not explained why he and Reed's Enterprise should be treated as the same party in light of the shared ownership of the fictitious name with Rosenna Reed.  And since Reed and Reed's Enterprise cannot be treated as an interchangeable entity, Reed proceeding alone lacks standing to bring the FDCPA and related claims based on Defendants' efforts to collect debts from Reed's Enterprise.

Because we affirm the dismissal for lack of standing, we need not reach the district court's alternative basis of dismissal for failure to state a claim.

**AFFIRMED.**

5